**Byron A. LOOPER, Plaintiff–Appellant,**

**v.**

**Billy GIBSON, et al., Respondent–Appellee.**

No. 02–6305.

United States Court of Appeals, Sixth Circuit.

May 15, 2003.

Before SUHRHEINRICH and COLE, Circuit Judges; and CARR, District Judge.*

*ORDER*

Byron A. Looper, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his complaint filed under 42 U.S.C. §§ 1983, 1985 and 1986 and the Racketeer Influenced and Corrupt Organization Act (RICO) (18 U.S.C. § 1961, et seq.). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Looper filed his complaint against Billy Gibson, the District Attorney General for

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Cumberland County; the Tennessee Good Ole Boys, described by Looper as a criminal conspiracy; and approximately 94 other defendants; seeking declaratory, injunctive and monetary relief.

In August, 2000, a jury in Cumberland County found Looper guilty of first degree murder. For this crime, he is currently serving a sentence of life imprisonment without the possibility of parole. The defendants were, in various ways, involved in the investigation of the crime, Looper's pre-trial confinement, the prosecution of the charge against him, and Looper's appeal. Looper believes that his arrest, prosecution and conviction were politically motivated and orchestrated by a criminal conspiracy and that the defendants played a part in the conspiracy. Buried deep within the amended complaint, Looper also alleges that he has been denied his right of access to the courts.

The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim. The district court adopted the report and recommendation over Looper's objections. This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir.1998).

■ Upon review, we conclude that the district court properly dismissed Looper's complaint for the reasons stated by the magistrate judge, as adopted by the district court. Essentially, Looper's claims are not yet cognizable under 42 U.S.C. §§ 1983, 1985 and 1986. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Looper has offered nothing to suggest that his conviction has been reversed in state or federal court prior to bringing this action.

■ Looper's claims that he was denied access to a law library while in pre-trial confinement, a typewriter and copier are meritless. States have affirmative obligations to ensure prisoners and pretrial detainees meaningful access to the courts, including providing paper and pen, notarial services, stamps, and either adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith,* 430 U.S. 817, 824–28, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance was not made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker,* 771 F.2d at 932.

During his pre-trial confinement, Looper was represented by counsel. Thus his right of access to the courts was protected. Further, following his conviction, the refusal of the Tennessee Department of Correction to provide Looper with a typewriter and a copier has not, as evidenced by the instant case, and eight others filed in the Middle District of Tennessee alone, prejudiced Looper's ability to press forth

his legal claims. Thus, since Looper has not alleged even a single instance where the failure to provide a typewriter and a copier prejudiced his right of access to the courts, he has failed to state a claim.

Finally, Looper fails to state a claim for relief under the RICO statute. Looper makes no showing of damage to his business or property. 18 U.S.C. § 1964(c); *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1299–1300 (6th Cir.1989).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.